(No. 15639.—Judgment reversed.)

THE BUTLER STREET FOUNDRY AND IRON COMPANY, Defendant in Error, *vs.* THE ILLINOIS MANUFACTURERS CASUALTY ASSOCIATION, Plaintiff in Error.

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*

INSURANCE—*construction of rider to liability policy.* Where a policy insures an employer against liability under the Compensation act, and a rider is attached indemnifying him against liability for injuries to the public "while within or upon the premises of the assured" but not for "injuries caused by reason of the use, maintenance or ownership" of horses or self-propelled vehicles, a subsequent rider extending the employer's indemnity to "operations anywhere in the State of Illinois" removes only the restriction as to the place of injury, and does not render the insurance company liable to indemnify the employer for an injury caused by his motor truck being left in the highway.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

COLIN C. H. FYFFE, and DAVID R. CLARKE, for plaintiff in error.

ERNEST C. RENIFF, and JAMES EWING DAVIS, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

October 4, 1917, an insurance policy which is the basis of this litigation was issued to defendant in error by plaintiff in error. The original policy insured defendant in error against loss by reason of liability imposed under the Workmen's Compensation act for damages on account of injuries to its employees, wherever they were employed or whatever their employment. Attached to this policy was a rider, known as the "Public Liability Endorsement," which provides: "In consideration of the additional deposit premium herein provided, this policy is extended to indemnify the assured against loss by reason of the liability imposed upon him by law for damages on account of bodily injuries accidentally sustained, including death at any time resulting therefrom, by any person or persons not employed by the assured, providing that such accidents are sustained while within or upon the premises of the assured, as defined in the policy to which this indorsement is attached, or ways immediately adjoining; but this does not apply to injuries caused by an employee whose entire compensation is not included in the pay-roll upon which the deposit premium for this policy is computed, nor to injuries caused by reason of the use, maintenance or ownership of any horses, draft animals, or vehicles, or automobiles, or any other self-propelled vehicles, unless this policy is otherwise specifically indorsed." There is a second rider attached to the policy which provides: "Notwithstanding anything contained in the undermentioned policy to the contrary, it is understood and agreed that said policy shall apply to and cover in respect of bodily injuries or death suffered in connection with the assured's operations anywhere in the State of Illinois." During the term of this policy a truck loaded with steel girders, belonging to defendant in error, was allowed to remain in a public highway several miles distant from the plant, and as

the result of a collision with said truck two persons were killed and a third person injured, said persons not being employees of defendant in error. Damages to the amount of $15,000 were awarded against defendant in error on account of this collision, and it brought its action against plaintiff in error to recover the face of the policy, claiming that the second rider removes the restrictions as to place and cause of injury in the public liability rider. There was a verdict in favor of defendant in error, and the judgment for $10,000 entered thereon was affirmed by the Appellate Court. The cause is here for further review by writ of *certiorari*.

There is not the slightest ambiguity in the language of this policy in so far as it is involved in this litigation, and so there is no room for construction. The liability of plaintiff in error to the insured on account of damages awarded against the insured for injuries to persons not employed by it is limited by the two riders. The first rider extends the protection of the policy so that it covers liability to the public, provided the accident out of which liability might arise occurs on the premises of the insured and does not occur by reason of the use or ownership of vehicles. The second rider removes the restriction as to place but not as to cause of the injuries. The effect of it is to extend the public liability indorsement to operations throughout the State of Illinois, but the indorsement does not apply "to injuries caused by reason of the use, maintenance or ownership of any horses, draft animals, or vehicles, or automobiles, or any other self-propelled vehicles." The policy did not cover the accident in question, and the motion of plaintiff in error to direct a verdict in its favor should have been allowed.

The judgments of the Appellate and the circuit courts are reversed.                    *Judgment reversed.*